THE ROBERT HUNGERFORD INDUSTRIAL SCHOOL v. JOHN C. JORDAN, *et al.*

(Two Cases)

FIRST APPEAL

156 So. 879.
Opinion Filed July 24, 1934.
Petition for Rehearing Denied October 6, 1934.

*George P. Garrett,* for Appellant;
*Tilden & Hays* and *W. H. Poe,* for Appellees.

PER CURIAM.—Appellant brought a bill of complaint to cancel a mortgage and for an accounting. The court dismissed the bill of complaint as to two of the defendants,

with leave to amend, and later finally dismissed the bill of complaint as to such two defendants, and denied a rehearing. Complainant appealed.

No material error appears by the record. The decrees are severally affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

## SECOND APPEAL

PER CURIAM.—The appeal herein is from a final decree dissolving an injunction and dismissing a bill of complaint which sought the cancellation of a mortgage and an accounting. Upon consideration of the record, arguments and briefs, no error being made to appear, it is ordered and decreed that the decree appealed from is affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, and BUFORD, J. J., concur.

BROWN, J., dissents.

## FIRST AND SECOND APPEAL

### ON PETITION FOR A REHEARING

PER CURIAM.—These two appeals were decided by Per Curiam orders of affirmance filed July 24, 1934.

A petition for a rehearing suggests that inasmuch as other controversies are dependent in part upon the reasoning of the Court for its decision in this case that the Court should indicate more definitely than has been done, what the basis for its decision on these appeals was, especially in view of the fact that one of the Justices of this Court dissented from the conclusions of the majority.

John C. Jordan was employed as principal by the Robert Hungerford Industrial School, a colored institution maintained from funds collected from students and from private donations. He was to receive $100.00 a month, a house to live in, and his duties were to assume charge of and work for the school, and, in his spare time, to solicit funds. He served for eight years and one month, and was able to draw only a small portion of his salary. During his encumbency certain moneys were borrowed from him by the Trustees, for which they gave him a mortgage to secure it. The total amount of the school's debt to Jordan is alleged to have reached the sum of $13,591.83. When Jordan was discharged he hired a lawyer and proceeded to take steps to collect what was his due. The books were audited to ascertain what this amount was. Thereafter a meeting was called and held, attended by nine Trustees of the Robert Hungerford Industrial School. Jordan and his attorneys were there. At this meeting the amount due to Jordan was reduced to a stated account and it was agreed that the corporate charter of the school be amended to allow for the execution to Jordan of a mortgage on the school's property to secure the note which was to represent the amount agreed upon as due to Jordan. The charter was so amended and a mortgage of the school's property to secure Jordan's debt of $13,591.83 was duly executed and given to him.

This was a suit in equity to cancel the mortgage so given, on the ground that Jordan fraudulently misrepresented the amount of his indebtedness and on the further ground that the mortgage was illegally executed by the Robert Hungerford School, a nonprofit corporation, the membership of which consists of certain Trustees and the object of which is to operate a vocational school for negroes.

This Court in considering second as to the final decree deemed it wholly unnecessary to decide anything more than that the evidence was ample to sustain the Chancellor's finding in favor of the defendants on the facts of the case as shown by the evidence, and therefore that decree was affirmed. Since the final decree properly dismissed the bill against Jordan, the principal defendant, no other decree than final dismissal could have been made with reference to the two defendants who were dismissed from the case prior to final decree. So there was no reversible error shown as to the interlocutory order first appealed from.

A review of the case again on appellant's petition for rehearing has simply confirmed our conviction that our judgment of affirmance in these two cases entered on July 24, 1934, is correct and should be adhered to now.

Rehearing denied in each case.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.